**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES ex rel.** | : | **CIVIL ACTION** |
| **SOLLOG IMMANUEL ADONAI-ADONI** | : | |
| _____v._____ | : | |
| **Mr. BARONE, et al.** | : | **NO. 06-cv-5235** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress provided that in the context of a petitioner who is in state custody, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2254 for constitutional attacks on the imposition and/or execution of a state conviction and/or a state sentence.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress also intentionally created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus.  One such restrictive gate-keeping

condition is AEDPA's ***strict and short statute of limitations***.  Another one of these restrictive gate-keeping conditions is AEDPA's ***"second or successive rule,"*** which, for purposes of this opinion, generally forbids a litigant from filing a 28 U.S.C. §2254 habeas if that litigant had a prior 28 U.S.C. §2254 habeas (attacking the same state conviction and/or sentence) which was dismissed with prejudice.  In the instant case, whereas petitioner does not indicate ***when*** he was convicted and sentenced, it is impossible to determine if any of these restrictive gate-keeping conditions apply.

On November 29, 2006, petitioner filed a petition in this court, labeled 06-cv-5235 by the Clerk of this Court, seeking Habeas Corpus relief.  In this petition, he raises the following claims that allegedly justifies such relief:

1.    He was allegedly denied "discovery" in his state prosecution, and the government allegedly withheld or concealed evidence.

2.    The judge in his state trial allegedly should have recused himself, since petitioner claims he had previously sued that judge for civil rights violations.

3.    Layered allegations of ineffective counsel, including allegation that after he fired his counsel, that counsel allegedly participated in selecting the jury, and that that lawyer also allegedly made inflammatory comments in front of the jury.

4.    There jury allegedly consisted entirely of "minorities" who were also allegedly prejudiced against petitioner on religious grounds.

5.    The court allegedly allowed incorrect and/or perjured testimony to be presented to the court, allegedly including information about a crime for which petitioner was not convicted.

6.    The forensic evidence of a fingerprint admitted into evidence was allegedly "inadmissable" and "unauthenticated."

7.    Alleged Violation of his right to a speedy trial.

8.    Alleged denial of right of appeal (more specifically, alleged denial of

access to the law library at the prison so he could prepare his appeal).

9.      Allegations of General conspiracy by federal, state and local actors.

These are clearly claims that the rights guaranteed to petitioner pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated; therefore, this petition seeks the type of relief that is only available to a prisoner pursuant to 28 U.S.C. §2254; however, petitioner in the instant matter purports to seek habeas corpus relief pursuant to 28 U.S.C. §2241 (and not pursuant to 28 U.S.C. §2254).  28 U.S.C. §2254, by its own terms, involves any attack on state custody which is filed after the imposition of a state conviction, and not just attacks on a state conviction or sentence.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).  Accordingly, any attack on state custody as a result of a state judgment must be pursued under §2254, and not pursuant to §2241. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).   The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.  The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's statute of limitations does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.

Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this court may not re-characterize such a document as a 28 U.S.C. §2254 petition without first:

1.      notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; ***and***,

2.     warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); ***and***,

3.     getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; ***and***,

4.     informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid re-characterization, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2254 form, prescribed by this court, effective December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the *strict* and *short* statute of limitations that exists for filing a 28 U.S.C. §2254 petition); and <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) (which relates to the *strict* restrictions on filing a second or successive 28 U.S.C. §2254 petition) (these specific <u>Thomas</u> and  <u>Mason</u> warnings are contained in the introductory text of this court's  aforesaid current standard §2254 form).  Whereas all district courts within the Third Circuit are required to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, this

court cannot "waive" the form requirements of Local Civil Rule 9.3(b).[1]

Accordingly, this                                Day of April, 2007, it is hereby

**ORDERED** as follows:

1.      The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

2.      Petitioner shall notify this court within thirty (30) days whether he consents to the re-characterization of 06-cv-5235 as a 28 U.S.C. §2254 petition, and, that if he does consent to such re-characterization, he shall complete the 28 U.S.C. §2254 form and return it to this court.

3.      Petitioner is formally placed on notice that if he insists that 06-cv-5235 proceed as a 28 U.S.C. §2241 petition, that 06-cv-5235 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

4.      Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 06-cv-5235 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

**S/ LOUIS H. POLLAK**
**LOUIS H. POLLAK, U.S. District Judge**

---

[1]      Petitioner is also alleging that he is actually innocent, but whereas he does not base this argument upon any allegedly newly discovered evidence, relief from AEDPA's restrictive gate-keeping conditions is not available pursuant to 28 U.S.C. §2244(b)(2) and 28 U.S.C. §2244(d)(1)(D).  Considering that the petitioner has been convicted of a crime, the trial court's findings of fact are presumptively correct, and the factual situation involved in any habeas corpus proceeding must be viewed in the light most favorable to the prosecution.  Riley v. Taylor, 277 F.3d 261 (3rd Cir. 2001).