IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES EX REL. SOLLOG IMMANUEL ADONAI-ADONI,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>A.J. DEFINO, et al.,<br>　　　　Respondents. | Civil Action No. 06-5235 |

**MEMORANDUM/ORDER**

In an order dated May 14, 2007, this court advised petitioner that he had thirty days in which to reclassify his § 2241 petition as a § 2254 petition because the relief sought was not available pursuant to § 2241. *See* Docket # 3. In that order, petitioner was "formally placed on notice that if he insists that 06-cv-5235 proceed as a 28 U.S.C. § 2241 petition, . . . 06-cv-5235 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. § 2241."

On June 8, 2007, petitioner filed a motion asking me to reconsider my May 14 order (Docket # 6). I denied this motion as untimely by Memorandum/Order of July 23, 2007 (Docket # 11). In that order, I informed petitioner that his motion to reconsider was untimely under Local Rule 7.1(g), which specifies that motions to reconsider must be filed within ten days of the order requested to be reconsidered.

On July 30, 2007, petitioner filed a motion (Docket # 12) to reconsider and vacate my order denying his previous motion to reconsider. In his motion, petitioner asserts that the thirty-day period I gave him to reclassify his § 2241 petition as a § 2254 petition also extended the time period in which petitioner could file his motion for reconsideration. Petitioner has misconstrued my May 14 order. That order provided petitioner with the opportunity to reclassify his § 2241 petition as a § 2254 petition, provided he did so within thirty days. Petitioner was warned that if he did not reclassify his petition within the prescribed time—or if he did not consent to such a reclassification—his petition would be dismissed. The thirty-day deadline was directed only to petitioner's reclassification of the petition and did not enlarge or alter any other time period governed by the relevant local and federal rules. Moreover, even if petitioner's initial motion for reconsideration has been timely, I would have denied it on the merits because petitioner did not demonstrate (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Petitioner further contends that I should not have dismissed his motion to compel discovery because he is appealing his case to the Third Circuit. His motion to compel discovery was directed at this court, and was only ripe before this court while his action was pending. Because petitioner did not reclassify his § 2241 petition as a § 2254

petition within the prescribed time period, his § 2241 petition will be dismissed and his motion to compel discovery is moot.

AND NOW, this 8th day of August, 2007, petitioner's July 30 motion to reconsider and vacate the order denying his previous motion to reconsider is DENIED. Because petitioner did not reclassify his § 2241 petition as a § 2254 petition within the prescribed time period, his § 2241 petition is DISMISSED without prejudice and his motion to compel is DISMISSED as MOOT.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.